UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DISH NETWORK L.L.C.** and **NAGRASTAR LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **DEBRA HENDERSON, JOHN HENDERSON**, and **BOOM MEDIA LLC**, <br><br> Defendants. | Case No. \_\_5:19-CV-1310 (MAD/ATB)\_\_ |

## PLAINTIFFS' COMPLAINT

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar") (collectively "Plaintiffs") file this case against Defendants Debra Henderson, John Henderson, and Boom Media LLC ("Defendants") for violations of the Federal Communications Act ("FCA"), 47 U.S.C. § 605.

### NATURE OF THE ACTION

1. DISH is the fourth largest pay-television provider in the United States and delivers programming to millions of subscribers nationwide using its direct broadcast satellite system and security technology provided by NagraStar. Defendants are involved in operating illicit streaming services that capture DISH's satellite communications of television programming and rebroadcast that DISH programming, without authorization, to customers that purchased the equipment needed to access these services from Defendants (the "Rebroadcasting Scheme").

### PARTIES

2. Plaintiff DISH Network L.L.C. is a Colorado limited liability company having its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Plaintiff NagraStar LLC is a Colorado limited liability company having its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

1

4. Defendant Debra Henderson is an individual residing in Watertown, New York.

5. Defendant John Henderson is an individual residing in Archdale, North Carolina. Defendant John Henderson is the son of Defendant Debra Henderson.

6. Defendant Boom Media LLC is a North Carolina limited liability company having its principal office located at the home of Defendant John Henderson. Defendant John Henderson formed Defendant Boom Media LLC and is identified as the sole member of the company.

7. Defendant Boom Media LLC is properly treated as the alter ego of Defendant John Henderson because, on information and belief, the entity (a) was formed for purposes of carrying out the Rebroadcasting Scheme and engages in no other business; (b) has no owners or employees other than Defendant John Henderson; (c) operates from Defendant John Henderson's home; (d) fails to observe corporate formalities, such as being currently delinquent in filing its annual report; (e) is undercapitalized for purposes of its liabilities, including the damages owed to Plaintiffs; (f) commingles its assets with those of Defendant John Henderson and allows its assets to be used for his personal purposes; and (g) holds assets that equity requires be used to satisfy a judgment.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims for violations of 47 U.S.C. § 605.

9. The Court has personal jurisdiction because Defendant Debra Henderson resides in New York and all the Defendants, through the Rebroadcasting Scheme, purposefully directed their conduct toward and purposefully availed themselves of the privilege of conducting business within New York, causing injury to Plaintiffs in New York.

10. The Court is a proper venue under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## DISH'S SATELLITE TELEVISION PROGRAMMING

11. DISH uses satellites to broadcast television programming to millions of subscribers across the United States. DISH contracts for and purchases the right to broadcast the programming aired on its platform from networks, motion picture distributors, pay and specialty broadcasters, sports leagues, and other rights holders. DISH's subscribers have access to hundreds of channels, including movies, sports programs, and general entertainment services ("DISH Programming").

12. NagraStar provides conditional access security technology used to authorize the DISH subscriber's receipt of DISH Programming. DISH Programming is uplinked to satellites as an encrypted communication, and then retransmitted from those satellites to subscribers that (1) purchased from DISH the right to view such programming, and (2) have the equipment necessary to receive and decrypt DISH's satellite communications, including a DISH satellite receiver and NagraStar smart card that convert DISH's encrypted satellite communications into viewable DISH Programming that is displayed on the attached television of the authorized DISH subscriber.

## THE REBROADCASTING SCHEME

13. The Rebroadcasting Scheme is based on the unauthorized retransmission of DISH Programming on the MFG TV, Beast TV, Nitro TV, Murica Streams, Epic IPTV, Vader Streams, and OK2 services. Defendants Debra and John Henderson, the latter conducting business as Boom Media LLC, participate in the Rebroadcasting Scheme by selling codes on their website located at https://boommedia.org ("Boommedia.org"). The codes are designed and produced to enable a set-top box or other internet-enabled device to access servers used to retransmit DISH Programming to customers of the MFG TV, Beast TV, Nitro TV, Murica Streams, Epic IPTV, Vader Streams, and OK2 services (the "Device Codes").

14. Defendants give the following overview of the streaming services accessible using their Device Codes, excluding Vader Streams and OK2 which are no longer offered by Defendants:



*www.boommedia.org*

15. Defendants tout the availability of sports programs, pay-per-view events, and adult content in describing the MFG TV, Beast TV, Nitro TV, Murica Streams, and Epic IPTV services on Boommedia.org, as shown in the screenshots above. Defendants also advertise the availability of movie channels such as HBO and Showtime, sports networks including ESPN and Fox Sports, in addition to UFC, WWE, and boxing pay-per-view events, as shown in the following examples:

4




*https://boommedia.org/nitro-tv*  *https://boommedia.org/beast-tv*

16. The DISH Programming retransmitted on the MFG TV, Beast TV, Nitro TV, Murica Streams, Epic IPTV, Vader Streams, and OK2 services is originally received from DISH's satellite communications without authorization from DISH. During testing, encoded messages inserted in DISH's satellite communications were observed on multiple channels retransmitted to customers of these services, including the Willow Cricket, A&E, Syfy, and Cooking Channel, among others, thereby confirming this programming originated from DISH's satellite communications.



*Beast TV Service Retransmitting DISH's A&E Channel*

17. Defendants sell Device Codes at Boommedia.org for approximately $10 to $20 per month of access (depending on whether a customer purchased the MFG TV, Beast TV, Nitro TV,

Murica Streams, Epic IPTV, Vader Streams, or OK2 services). Defendants also sold "loaded" or "programmed" set-top boxes for approximately $150, which are set-top boxes pre-configured with Device Codes.

   18.   Defendant Debra Henderson receives payments for the Device Codes and set-top boxes purchased through Boommedia.org. Defendant John Henderson, conducting business under the name of Boom Media LLC, distributes Device Codes and set-top boxes to those purchasers.




*3 Month MFG TV Device Code*          *STB With Vader Streams Device Code*

On information and belief, Defendants Debra and John Henderson are together responsible for the operation of Boommedia.org and share in the proceeds of the Device Codes and set-top boxes sold through the website.

   19.   On information and belief, Defendants directly engage in, aid and abet, or act within the scope of a principal-agent relationship with persons that are capturing and retransmitting DISH Programming provided through the Rebroadcasting Scheme. Defendants state on Boommedia.org that "[w]e reserve the right to control content" and "[w]e may add or remove channels at any time."

   20.   In a video posted to the Boom Media YouTube channel, Defendant John Henderson informed customers that **"[y]ou guys are buying pirated streams, this shit is not Hulu, it's not**

**Netflix, it's pirated f\*\*king streams. … It's no different than buying f\*\*king knockoff shoes. … It's black market shit … ."**

## CLAIMS FOR RELIEF

### COUNT I
### Violation of the Federal Communications Act, 47 U.S.C. § 605(a)
### By DISH Against All Defendants

21.     DISH repeats and incorporates the allegations in paragraphs 1-20 above.

22.     Defendants divulged, used, and assisted others to receive DISH Programming that originated from DISH's satellite communications through the Rebroadcasting Scheme, without the authorization of DISH and for the benefit of Defendants and their customers that were not entitled to receive such DISH Programming, in violation of 47 U.S.C. § 605(a).

23.     Defendants violated 47 U.S.C. § 605(a) willfully and for the purpose of commercial advantage and private financial gain.

24.     Defendants were aware or had reason to believe that their actions violated 47 U.S.C. § 605(a). Such violations damaged DISH in an amount to be proven at trial. Unless restrained and enjoined, Defendants will continue to violate 47 U.S.C. § 605(a).

### COUNT II
### Violation of the Federal Communications Act, 47 U.S.C. § 605(e)(4)
### By All Plaintiffs Against All Defendants

25.     Plaintiffs repeat and incorporate the allegations in paragraphs 1-20 above.

26.     Defendants sell and distribute Device Codes for purposes of divulging, using, and assisting others to receive DISH Programming originating from DISH's satellite communications as part of the Rebroadcasting Scheme, in violation of 47 U.S.C. § 605(e)(4). Defendants intended for Device Codes to be used in divulging and receiving DISH Programming, without authorization

from DISH and for the benefit of Defendants and their customers that were not entitled to receive such DISH Programming, which is activity proscribed by 47 U.S.C. § 605(a).

27.  Defendants violated 47 U.S.C. § 605(e)(4) willfully and for purposes of commercial advantage and private financial gain.

28.  Defendants were aware or had reason to believe that their actions violated 47 U.S.C. § 605(e)(4). Such violations damaged DISH in an amount to be proven at trial. Unless restrained and enjoined, Defendants will continue to violate 47 U.S.C. § 605(e)(4).

## PRAYER FOR RELIEF

Plaintiffs request a judgment against Defendants as follows:

A.  For a permanent injunction under 47 U.S.C. § 605(e)(3)(B)(i) and Fed. R. Civ. P. 65 that prohibits Defendants, and any agent, servant, employee, attorney, or other person acting in active concert or participation with any of them that receives actual notice of the order, from:

1.  Conducting the Rebroadcasting Scheme, or otherwise receiving or assisting others in receiving DISH's satellite communications or the television programming that comprises such communications without authorization from DISH;

2.  Selling or distributing Device Codes, or any other device or equipment that is intended for receiving or assisting others in receiving DISH's satellite communications or the television programming that comprises such communications without authorization from DISH;

B.  For an order allowing Plaintiffs to take possession of and destroy all Device Codes and any other devices or equipment within the possession, custody, or control of Defendants that the Court has reason to believe were involved in a violation of the FCA, pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

C.      For an order permanently transferring each domain name that Defendants used in connection with the Rebroadcasting Scheme to Plaintiffs;

D.      For an order directing Defendants to preserve and turn over to Plaintiffs all hard copy and electronic records regarding persons involved in the Rebroadcasting Scheme, including records concerning the Device Codes that were purchased and sold;

E.      Award DISH the greater of (1) its actual damages together with the profits made by Defendants that are attributable to the violations identified in Count I, or (2) statutory damages in the amount of up to $10,000 for each violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). In either scenario, damages should be increased by $100,000 per violation, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

F.      Award Plaintiffs the greater of (1) their actual damages together with the profits of Defendants that are attributable to the violations identified in Count II, or (2) statutory damages in the amount of up to $100,000 for each violation of 47 U.S.C. § 605(e)(4), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II);

G.      Award Plaintiffs their attorneys' fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii);

H.      For a complete and accurate accounting of all profits and other benefits received by Defendants as a result of the wrongful conduct described in this complaint;

I.      For pre and post-judgment interest on all damages awarded by the Court, from the earliest date permitted by law at the maximum rate permitted by law; and

J.      For such additional relief as the Court deems just and equitable.

Dated: October 22, 2019

        Respectfully submitted,

        s/ Robert R. Jones
        Robert R. Jones (Attorney Bar No. 301236)
        **COUGHLIN & GERHART, LLP**
        99 Corporate Drive
        Binghamton, NY 13904
        Telephone: (607) 723-9511
        Facsimile: (607) 723-1530
        rjones@cglawoffices.com

        **HAGAN NOLL & BOYLE, LLC**
        Timothy M. Frank (*pro hac vice* to be filed)
        Texas Bar #24050624
        Two Memorial City Plaza
        820 Gessner, Suite 940
        Houston, Texas 77024
        Telephone: (713) 343-0478
        Facsimile: (713) 758-0146
        timothy.frank@hnbllc.com

        Attorneys for Plaintiffs DISH Network
        L.L.C. and NagraStar LLC