U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 1 8 2020
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

To Whom It may Concern,

I am the defendant John W Henderson III in Case no. 5:19-CV-1310 MAD/ATB in The Northern District Of New York. I am writing this letter to state my defense regarding the default judgement pending in your court. I tried for many months to hire an attorney in this matter to no avail, as there are no attorney's fluent in this type of matter in the Northern Federal District. I have had many conversations with attorney's and it seems it is in my best interest to go to default judgement. After many days researching similar cases it seems Dish Network/Nagrastar's interest is not damages, but to obtain customer lists to send out letters claiming users of any type of IPTV owe them $3500. If I were to defend myself this would mean that any way it unfolds, I would be giving Dish Network and Nagrastar access to user records so they can demand payments from them. Proclaiming my innocence or guilt would have the same end result of innocent people being intimidated and threatened by Dish Network attorney's.

With that being said, I do intend to accept a default judgement. I would like to point out some flaws in this case to be considered by the court when deciding on the judgement.

The Plaintiff's claim that Debra Henderson is an officer of Boom Media. However, in the complaints it states "Mr. Henderson conducted business under the name of Defendant Boom Media LLC, a company that he formed to carry out the Rebroadcasting Scheme and which operated under Mr. Henderson's dominion and control. Mr.

Henderson Ran Boom Media LLC from his home and, based on company records, he is the sole member and sole official of the company." This statement is accurate. Debra Henderson was in no way involved in Boom Media operations. It is my belief that Dish Network simply used Debra Henderson as leverage in this matter. I, John Henderson, used Debra Henderson's PayPal for a short time period to accept payments. Boom Media LLC claimed 100% of that income and Debra Henderson claimed 0%. By the Plaintiff's own complaint we see that they are aware Boom Media LLC was operated by John Henderson in the state of North Carolina. They used Debra Henderson as a bargaining chip and by their own claims have no reason to believe that Boom Media nor John Henderson operated out of New York state at any time. All money was claimed in North Carolina. All orders were shipped from North Carolina. Debra Henderson had no involvement and no business was at any time conducted from New York State. Because of this I, John Henderson, hope the court will consider dismissing any claims against Debra Henderson, an elderly retiree who simply allowed me to temporarily use her PayPal account.

    The Plaintiff's also make many blanket claims regarding the services sold by Boom Media. The Plaintiff's claim that Boom Media acted to intercept Dish Signal and rebroadcast them, which simply isn't true. Boom Media as a whole sold several services like Vader Streams, Beast TV, Nitro TV, MFG TV, OK2 TV, IPTV Express, Epic IPTV, and Murica Streams. Boom Media was a reseller of these services. Dish Network claims as a whole that they

conducted analysis of the streams. "The analysis was conducted by inserting encoded messages into Dish's satellite communications and then viewing channels on the services to detect the encoded messages, thus confirming the Dish Programming originated from Dish's satellite communications." I do not see any evidence of such a claim. The streams sold are readily available online and are typically captured from other websites. The blanket statement of "Services" does not specify which services, at any given time, may have been broadcasting any signal from Dish. Dish simply provides evidence that they also broadcast channels that can be found within services sold online. These channels did NOT come from Dish Network signals which is why the Plaintiff's have failed to prove so. Through the 3 investigators they have proven that Boom Media exists at boommedia.org, that Boom media has a Youtube channels, and Boom Media sold services and devices. None of these facts were up for debate. The fact they have not proven is that all of the "Services" as they claim intercepted and rebroadcast Dish Network communication and Boom Media, John Henderson, and Debra Henderson resold "codes" to give access to intercepted Dish Network services. Furthermore, they made test purchases for several services, yet did not prove in any way shape or form that their "encoded messages" turned up on any of these services, and did not perform test purchases of the remaining services. The Defendant's claim to damages in referring to the card processor stealing $50,000 from Boom Media is a far reach. They fail to prove any services intercept and

distribute Dish Network signals. In this claim they would have had to prove ALL "Services" distributed Dish Signals being that there is no evidence to suggest which services were purchased using the fraudulent card processor. For instance, if Dish were to claim they had legitimate proof that Vader Streams rebroadcast Dish channels, there is no way of knowing how many of the 3,333 buyers purchased Vader Streams. The card processor company simply stole the $50,000 and disappeared. Dish has failed to prove any rights to damages for these sales as there is no way of knowing which services were purchased and for how much.

    The Defendant's also claim that Boom Media sold devices that violate 47 U.S.C 605(a) which states "any electronic, mechanical, or any device or equipment is primarily of assistance in the unauthorized decryption of … direct-to-home satellite services." Dish makes the claim that the devices sold online by Boom media were primarily manufactured to deliver intercepted Dish Signal. The devices sold by us were Android TV boxes. They can be found at any retailer. To say Android was created to "primarily assist in unauthorized decryption" of Dish signal is inaccurate. It is my belief that the Plaintiff's use terms that may deliberately paint a picture of the old days when you could buy a "black box" or card to put into a dish receiver. This is not the case with these claims. There is no such thing as "Device Codes" sold by Boom Media. "Device Codes" refer to "The term IKS refers to Internet Key Sharing (also known as Internet Card Sharing), or the process of using satellite TV receivers – whose standard

software is re-flashed/restored with custom-made code – to enable key/card sharing." This is not in any way what was sold at boommedia.org. The Plaintiff's are simply using outdated terms that do not apply to modern day technology. Boom Media at no point "retransmitted DISH Programming originating from DISH's satellite communications," nor sold devices primarily made to do so.

    Thank you for taking the time to read my statement, as I know it is most likely not formatted properly or in the manner consistent with standard court documents. I am not an attorney, nor could I find one willing to take my case. I just wanted to be heard on this matter and my statements be considered when the court hold's its hearing on the default judgement in this case. Thank you.

Sincerely,

*[signature]*

John Henderson

John Henderson
1002 Courtland Ln
Archdale, NC 27263

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK

RECEIVED MAY 18 2020



7019 1640 0000 7100 3906

CERTIFIED MAIL

Clerk, U.S. District Court
100 S. Clinton St
7th Floor
Syracuse, NY 13261

13261-610099

U.S. POSTAGE
FCM LETTER
ARCHDALE, NC
27263
MAY 15, 20
AMOUNT
$4.10
R2304E104723-14