**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**DISH NETWORK, LLC and NAGRASTAR, LLC,**

          **Plaintiffs,**

  **vs.**              **5:19-CV-1310**
                   **(MAD/ATB)**

**DEBRA HENDERSON; JOHN HENDERSON;**
**and BOOM MEDIA, LLC,**

          **Defendants.**

_____

**APPEARANCES:**        **OF COUNSEL:**

**COUGHLIN, GERHART LAW FIRM**  **ROBERT R. JONES, ESQ.**
P.O. Box 2039
99 Corporate Drive
Binghamton, New York 13902-2039
Attorneys for Plaintiff

**HAGAN NOLL & BOYLE, LLC**    **TIMOTHY M. FRANK, ESQ.**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

   In a complaint dated October 22, 2019, Plaintiffs alleged violations of the Federal

Communications Act ("FCA"), 47 U.S.C. § 605, based on Defendants' alleged involvement in the

operation of illicit streaming services that capture Plaintiff DISH Network LLC's ("DISH")

satellite communications of television programming and then retransmit that DISH programming,

without authorization, to customers that purchased the equipment needed to access these services

from Defendants (the "Rebroadcasting Scheme"). _See_ Dkt. No. 1. Defendants failed to answer

the complaint, despite being granted an extension of time to do so. On December 27, 2019,

Plaintiffs requested that the Clerk enter default against all named Defendants, which the Clerk entered that same day. *See* Dkt. Nos. 18 & 19.

On April 22, 2020, Plaintiff moved for default judgment against all named Defendants. *See* Dkt. No. 25. On May 19, 2020, the Court granted Plaintiffs' motion, and entered judgment in Plaintiffs' favor in the amount of $3,333,000. *See* Dkt. Nos. 26 & 28.

On July 9, 2020, Plaintiffs filed a letter motion requesting that the Court issue a Writ of Execution. *See* Dkt. No. 30. In their motion, Plaintiffs contend that "[e]nforcement of the judgment is appropriate at this time, as the judgment is final and not subject to any stay. Accordingly, please accept this letter as plaintiffs' request for issuance of a Writ of Execution in this matter in accordance with Fed. R. Civ. P. 69(a)." *Id.* at 1. Attached to the letter motion is a proposed Writ of Execution. *See id.* at 2. For the reasons set forth below, Plaintiffs' motion for a Writ of Execution is granted.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides as follows: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Under Rule 69(a), then, this Court's inherent power to enforce its judgments must manifest itself in a way that is consistent with New York law governing the execution of state court judgments.

Therefore, whether the Court will grant Plaintiffs' motion for a Writ of Execution hinges on whether Plaintiffs submitted a proposed writ that complies with New York law. Under New York law, "[a]n execution shall specify the date that the judgment or order was entered, the court in which it was entered, the amount of the judgment or order and the amount due thereon and it

2

shall specify the names of the parties in whose favor and against whom the judgment or order was entered. An execution shall direct that only the property in which a named judgment debtor or obligor who is not deceased has an interest, or the debts owed to the named judgment debtor or obligor, be levied upon or sold thereunder and shall specify the last known address of that judgment debtor or obligor." N.Y. C.P.L.R. § 5230(a).

Here, Plaintiffs' Writ of Execution clearly complies with the requirements of Rule 69(a) and Section 5230(a) as to all Defendants. Although Defendants John Henderson and Boom Media, LLC, are residents of Archdale, North Carolina, they may have property in New York that would be subject to the Writ of Execution.[1] As such, the Court grants Plaintiffs' motion for a Writ of Execution.

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' letter motion requesting a Writ of Execution is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order, along with the signed Writ of Execution, on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 10, 2020
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] However, to the extent that Plaintiffs are seeking to obtain property located in North Carolina (or anywhere outside of New York), Plaintiffs must likely register the judgment in the appropriate district court in North Carolina. Pursuant to 28 U.S.C. § 1963, "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." "Once so registered in another district, the judgment may be enforced there in accordance with the law of that state as though originally rendered by that court." 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 3012 (2008) (footnote omitted).